FILED
JUN 26 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELSEY BOWERS,

                Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., a foreign corporation,
EQUIFAX INFORMATION SERVICES
LLC, a foreign corporation, and TRANS
UNION LLC, a foreign corporation,

                Defendants.

CV 08-1436-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

*Introduction*

Currently before the court is defendant Trans Union LLC's ("Trans Union") motion to dismiss. Trans Union contends that plaintiff Kelsey Bowers ("Bowers") has pleaded only legal conclusions and no facts which would give rise to liability against Trans Union. Trans Union also

PAGE 1 - FINDINGS AND RECOMMENDATION          {CK}

contends that Bowers cannot meet the required pleading standard. For reasons set forth below, Trans Union's motion to dismiss should be denied.

*Background*

Bowers filed this action against credit reporting agencies Experian Information Solutions, Inc. ("Experian"), Equifax Information Solutions, LLC ("Equifax"), and Trans Union (collectively "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"). In her complaint, Bowers alleges that she discovered that she was a victim of identity theft and notified each of Defendants of this fact in 2006. (Compl. ¶ 6.) Bowers also alleges that Defendants continued to report false information resulting from the identity theft. (Compl. ¶ 6.) Finally, Bowers alleges that Defendants continued to report false information after she notified them that she disputed false information being reported by Defendants. (Compl. ¶ 6.) Trans Union filed this motion as its response to Bowers's complaint.[1]

*Legal Standards*

A. Local Rule 7.1(a)

When filing a motion with the court, the Local Rules of this court ("LR") 7.1(a)(1)(A) and (B) require a movant to certify that "[t]he parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so" or that "[t]he opposing party willfully refused to confer." The obvious purpose of LR 7.1 is "to encourage parties to resolve amicably disputes when possible, preserving judicial resources for those matters that require the court's intervention." *Thompson ex rel. Thorp Family Charitable Remainder Unitrust v. Federico*,

---

[1] Experian and Equifax filed answers and raised Bowers's failure to state a claim as an affirmative defense, but neither has moved to dismiss.

PAGE 2 - FINDINGS AND RECOMMENDATION                                                              {CK}

324 F. Supp. 2d 1152, 1172 (D. Or. 2004). "If the rule is to mean anything at all, at least the spirit of its substantive requirements must be met." *Id.* The remedy for a violation of LR 7.1(a) is denial of the motion, and the authority to exercise the remedy lies within the district court's discretion. *See* LR 7.1(a)(2).

2. Motion to dismiss

Under Federal Rules of Civil Procedure ("Rule") 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted. In ruling on a Rule 12(b)(6) motion, the court must assume that the plaintiff's allegations are true and must construe said allegations in the light most favorable to the plaintiff. *W. Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985). Even if the face of the pleadings indicates that the chance of recovery is remote, the court must allow the plaintiff to offer evidence to support its claims. *See U.S. v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). In other words, if the facts alleged, if true, would entitle plaintiff to some form of legal remedy, the motion must be denied. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Ninth Circuit has observed that the Rule 12(b)(6) motion to dismiss for failure to state a claim "is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

However, mere conclusory allegations couched in factual allegations are not sufficient to state a cause of action. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Review on a Rule 12(b)(6) motion is limited to the contents of the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). Thus, a plaintiff's factual allegations in the complaint "must be enough to raise a right to relief above the speculative level . . . on the *assumption that all the* allegations in the

complaint are true (even if doubtful in fact).'" *Twombly*, 550 U.S. at 555 (emphasis in original) (citations omitted). The threshold requirement of Rule 8(a)(2) is that "the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quotations in original). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

If the court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

*Discussion*

A. LR 7.1(a)

In its original motion, Trans Union certified its compliance with LR 7.1(a) stating that it made a good faith effort to resolve the dispute through email conference. In replying to Bowers's opposition brief, Trans Union contends that any purported violation has been cured by its filing of an amended motion to dismiss confirming the parties' subsequent telephone conversation and Bowers's outright refusal to resolve the dispute. Documents presented to the court, including Trans Union's certification on its original motion, indicate that counsel for Trans Union emailed counsel for Bowers disputing the merits of Bowers's claim against Trans Union. After counsel for Bowers replied to that email, the parties' respective attorneys never conferred through telephone or email to resolve the pleading issue until after the motion was filed on April 23, 2009.

The email exchange here did not comply with the letter or the spirit of LR 7.1(a). Trans Union's communication addressed its view of the merits of Bowers's claim against it; no meaningful

overture or invitation was extended to discuss Trans Union's assertion that Bowers's complaint did not contain sufficient facts to state a FCRA claim against it. That Trans Union later filed an amended motion to dismiss to cure the deficiency hardly excuses the violation or redeems the violator, as the effect would be to render the court's local rule meaningless and the conferral obligation perfunctory. Trans Union's conferral especially fell below LR 7.1(a)'s requirements given that it was coupled with a reference to Rule 11 motion if Trans Union's demands were not met. (*See* Trans Union's Reply Supp. Mot. Dismiss Ex. A at 4.)

And, while the court will not enforce LR 7.1(a) where conferral clearly would be futile, it is difficult to know what would have resulted if a proper conferral had occurred on the question of the sufficiency of Bowers's allegations. That neither Experian nor Equifax moved to dismiss for lack of sufficiency suggests that conferral between Bowers and Trans Union might have preempted the instant motion. At least, a proper conferral most certainly would have avoided the parties' extended squabbling in their papers over whether or not Trans Union met its LR 7.1(a) obligation.

Nevertheless, because this court finds that the motion fails on the merits, it will put aside Trans Union's non-compliance with LR 7.1(a). However, the court emphasizes that future adherence to the local rule requirements will be expected and enforced in this case.

B.  Motion to Dismiss

    1.  Conclusory Allegations

Trans Union contends that Bowers has pleaded only improper formulaic legal conclusions. Aside from *Twombly*, Trans Union cites to two California district court holdings involving FCRA claims in support of its motion to dismiss. First, in *Gorman v. Wolpoff & Abramson, LLP*, 370 F. Supp. 2d 1005, 1010 (N.D. Cal. 2005), *aff'd in part, rev'd in part*, 552 F.3d 1008 (9th Cir. 2009),

the district court dismissed the plaintiff's complaint with leave to amend when it "merely recite[d] the elements necessary to state a FCRA . . . claim, without alleging facts to fill those elements." In *Gorman*, the plaintiff alleged in his complaint that he notified the defendant credit card issuer that he disputed the legitimacy of "certain charges" posted to his account "in or about 2003." *Id.* at 1007. The complaint also alleged that when the plaintiff discovered that the defendant was "falsely and inaccurately reporting" to various credit reporting agencies that he was delinquent on his obligations to the defendant without reporting that the debt was "disputed," he requested the defendant to correct the information. *Id.* at 1008. Ultimately, the *Gorman* plaintiff alleged that the defendant "maliciously and willfully failed to take any corrective action and continue[d] to report the debt as delinquent without indicating that the charges [were] disputed . . . ." *Id.* at 1012. The district court held that the FCRA claims failed because they were based on non-descriptive phrases and legal conclusions. *Id.* at 1012. In denying the plaintiff's libel claim on the same ground, the district court also pointed out that the plaintiff failed to give notice of even one particular statement that was false. *Id.* at 1010. Second, in *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1143 (S.D. Cal. 2005), the California district court dismissed a claim for willful noncompliance with the FCRA when plaintiff's only allegation for the claim was that the defendants "received notice of plaintiff's dispute . . . and [willfully] failed to comply with the requirements of 15 U.S.C. Section 1681s-2." The district court found the conclusory allegation to be insufficient and dismissed the claim with leave to amend to allege facts which, if proven at trial, would support such a claim. *Id.*

The court finds that Bowers's complaint does not merely recite elements of a FCRA claim, but instead alleges facts specific to her claim. This district has found the required elements of a claim alleging violation 15 U.S.C. Section 1681i to include the following:

> (i) the plaintiff's credit report contains inaccurate or incomplete information, *see* 15 U.S.C. Section 1681i(a)(1); (ii) the plaintiff notified the consumer reporting agency directly of the inaccurate or incomplete information, *see id.*; (iii) the plaintiff's dispute is not frivolous or irrelevant, *see* 15 U.S.C. Section 1681i(a)(3); and (iv) the consumer reporting agency failed to respond to the plaintiff's dispute with a reasonable reinvestigation, see 15 U.S.C. Section 1681i(a)(1), (2), (4), and (6).

*Saenz v. Trans Union, LLC*, 05-CV-1206-PK, 2007 WL 240175 at *6 (D. Or. August 15, 2007). Here, Bowers alleges that she discovered that she was a victim of identity theft and notified Trans Union and the other defendants of this fact. This is distinguishable from the complaint in *Gorman* which alleged only that the plaintiff disputed the legitimacy of certain charges and used phrases such as "a dispute arose," "certain charges," and "falsely and inaccurately reporting," providing only the elements of a cognizable FCRA claim. Similarly, the complaint in *Howard* did not include facts specific to support a claim for willful noncompliance with the FCRA. The complaint failed to allege the specifics or the basis of the dispute. In contrast, here Bowers does not merely allege that she disputed certain charges or that Defendants failed to comply with FCRA. Bowers identified the disputed information as those resulting from the identity theft. Thus, unlike defendants in *Gorman* and *Howard*, Trans Union had sufficient notice of Bowers's claim. Bowers's complaint contains sufficient factual allegations on this point.

2. Facts Which Would Give Rise to Liability

Trans Union also contends that Bowers alleges no facts which would give rise to its liability. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. at 558 (citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 233-34 (3d ed. 2004)). In

*Twombly*, the Supreme Court found that liability under Section 1 of the Sherman Act ("Section 1") required a "contract, combination, . . . or conspiracy, in restraint of trade or commerce." *Id.* at 548. The Supreme Court held that a Section 1 complaint which lacked some factual context suggesting agreement could not survive a motion to dismiss. *Id.* at 548-49. The Supreme Court did not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Id.* at 570.

Assuming as it must on a Rule 12(b)(6) motion to dismiss that Bowers's allegations are true, the court finds that Bowers has stated a claim that is plausible on its face. Bowers alleged that she was a victim of identity theft, that she notified Defendants of the identity theft, and that Defendants continued to report false information resulting from the identity theft. Bowers has raised her right to relief under FCRA on the facts above a speculative level.

In its motion, Trans Union acknowledges Bowers's factual allegations and contends "those 'facts' fail to even describe the specific behavior of which [Bowers] complains." (Trans Union's Mem. Supp. Mot. Dismiss 2.) However, Trans Union does not discuss why those facts, if true, could not raise a claim against Trans Union. The complaint in *Twombly* failed because even if the alleged parallel conduct were true, such conduct did not suggest an illegal agreement between the defendants as required in a Section 1 claim. On the other hand, if Bowers's factual allegations, described as "skeletal" in Trans Union's motion, were true, such facts suggest Trans Union's noncompliance with FCRA. Specifically, 15 U.S.C. Section 1681e(b) requires credit reporting agencies to follow reasonable procedures to assure maximum possible accuracy of the information concerning the consumer about whom the report relates. Furthermore, once the information contained in a consumer's file is disputed by the consumer, 15 U.S.C. Section 1681i requires credit reporting

agencies to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. The inference can be drawn that Trans Union failed to follow reasonable procedures both before and after Bowers's reports. Thus, this court finds that Bowers's complaint contains facts, if true, that would give rise to Trans Union's liability.

3. Required Pleading Standard

Trans Union alleges that Bowers's complaint cannot meet the required pleading standard under Rule 8(a), which requires a plaintiff to set forth "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." This liberal notice pleading is satisfied if the complaint gives defendants "fair notice of the basis of [plaintiff's] claims." *Swierkiewicz v. Sorema N.A.*, 534, U.S. 506, 514 (2002).

Evaluating the complaint in the light most favorable to Bowers, the court finds that Bowers's complaint meets the standard under Rule 8(a). The factual allegations in the complaint set forth statement showing that Bowers is entitled to relief and gives Trans Union sufficient notice of Bowers's FCRA claim with respect to the alleged false information resulting from the identity theft. This court also notes that Bowers's complaint gave co-defendants Experian and Equifax sufficient notice of the basis of her claims allowing them to file their answers although allegations to all three Defendants are identical, further supporting the conclusion that Bowers's allegations are sufficient to apprise Defendants, and each of them, of basis for Bowers's claims.

*Conclusion*

Trans Union's amended motion (#21) to dismiss should be DENIED.

//

//

PAGE 9 - FINDINGS AND RECOMMENDATION                                                {CK}

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than July 10, 2009. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 26th day of June, 2009.

_____
JOHN V. ACOSTA
United States Magistrate Judge